IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS          :   Consolidated Under
LIABILITY LITIGATION (No. VI)     :   MDL DOCKET NO. 875
                                  :
LOWMAN                                Transferred from the Southern
                                      District of Georgia
v.

VARIOUS DEFENDANTS                    E.D. Pa No. 10-78962

FILED JAN -2 2014
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

**O R D E R**

**AND NOW**, this **2nd** day of **January, 2014,** after review of the Objections of Defendant CSX Transportation (ECF No. 22) to the Report and Recommendation by Magistrate Judge Angell (ECF No. 21) denying Defendant's Motion for Partial Summary Judgment (ECF No. 10), it is hereby **ORDERED** as follows:

(1) The Report and Recommendation is **APPROVED** and **ADOPTED**;

(2) Defendant's objections to the Report and Recommendation are **OVERRULED**;

(3) Defendant's Motion for Partial Summary Judgment is **DENIED**;[1]

---

[1] This case was transferred in August of 2010 from the United States District Court for the Southern District of Georgia to the United States District Court for the Eastern District of Pennsylvania as part of MDL-875.

Plaintiff, Horace Lowman, alleges that he was exposed to asbestos while working for CSX Transportation ("CSX") as a sheetmetal worker from 1963 to 1969 at Defendant's Waycross, Georgia facility. The alleged exposure occurred while Plaintiff

1

---

was removing and repairing pipe insulation on coaches and locomotives.

Plaintiff brought claims against CSX pursuant to the Federal Employer's Liability Act ("FELA") and the Locomotive Inspection Act ("LIA"), asserting that he developed asbestos-related lung cancer through his employment with CSX. Defendant CSX moved for partial summary judgment as to Plaintiff's claims under the LIA, arguing that (1) the exposures occurred while the train was not "in use" as contemplated by the LIA; and (2) the exposures did not stem from a "defective condition" on the train as contemplated by the LIA.

By order dated November 18, 2010, this Court referred the matter to the Honorable Magistrate Judge M. Faith Angell to supervise discovery and prepare the case for trial. On February 22, 2013, Judge Angell issued a report and recommendation regarding Defendant's partial motion for summary judgment ("R&R"). Judge Angell recommended that CSX's motion be denied because it had not established it was entitled to judgment as a matter of law. Specifically, Judge Angell noted that CSX "had not established that the locomotives were not 'in use' where Plaintiff had testified that he performed repairs on trains which were on the road, and not in an engine house or maintenance facility."

On March 7, 2013, CSX filed objections to Judge Angell's R&R (the "Objections"). Specifically, CSX avers that Judge Angell (1) failed to consider Congressional intent that a railroad should have an opportunity to remedy defective conditions before incurring LIA "strict liability"; (2) failed to consider the activity in which Plaintiff was engaged in when he was injured when she conducted the "in use" analysis; and (3) failed to consider whether the asbestos-containing products were "defects" under the LIA, especially in light of the Supreme Court's recent decision in Kurns v. R.R. Friction Prods. Corp., 132 S. Ct. 1261, 1265-66 (2012).

**I. Legal Standard**

    A. <u>Review of Report and Recommendation Upon Objections</u>

The Court undertakes a de novo review of the portions of the Report and Recommendation to which a party has objected. See 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 250 (3d Cir. 1998). The

2

Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B. <u>Summary Judgment Standard</u>

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." <u>Am. Eagle Outfitters v. Lyle & Scott Ltd.</u>, 584 F.3d 575, 581 (3d Cir. 2009) (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-248 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Anderson</u>, 477 U.S. at 248.

In undertaking this analysis, the court views the facts in the light most favorable to the non-moving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." <u>Pignataro v. Port Auth. of N.Y. & N.J.</u>, 593 F.3d 265, 268 (3d Cir. 2010) (citing <u>Reliance Ins. Co. v. Moessner</u>, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the non-moving party who must "set forth specific facts showing that there is a genuine issue for trial." <u>Anderson</u>, 477 U.S. at 250.

C. <u>Liability under the Locomotive Inspection Act</u>

"The [LIA] . . . is to be liberally construed in the light of its prime purpose, the protection of employees and others by requiring the use of safe equipment." <u>Lilly v. Grand Trunk Western R. Co.</u>, 317 U.S. 481, 486 (1943). The presence of "dangerous objects or foreign matter" on a locomotive falls within the scope of the LIA and "[c]onditions other than mechanical imperfections can plainly render equipment unsafe to operate without unnecessary peril to life or limb." <u>Id.</u> at 487-88.

Liability under the LIA only exists if the locomotive was "in use" at the time of the accident. <u>Kurns v. A.W.</u>

3

Chesterton, Inc., 620 F.2d 392, 397 n.3 (3d Cir. 2010) (citing Crockett v. Long Island R.R., 65 F.3d 274, 277 (2d Cir. 1995)). The phrase "in use" is not defined in the LIA; rather, courts have uniformly held that the determination of whether a locomotive is "in use" is decided by looking at the totality of the circumstances. See McGrath v. Consolidated R. Corp., 136 F.3d 838, 842 (1st Cir. 1998); Steer v. Burlington Northern, Inc., 720 F.2d 975, 977 n.4 (8th Cir. 1983); Angell v. Chesapeake & Ohio Ry. Co., 618 F.2d 260, 262 (4th Cir. 1980)). Courts often consider where the train was located at the time of the accident, the activity of the injured party, and the extent of the planned inactivity of the train. See Adams v. Consol. Rail Corp., No. 93-1160, 1994 WL 383633, at *2-4 (E.D. Pa July 22, 1994). Notably, a locomotive may be "in use" even if it is stationary at the time of the accident. Raudenbush v. Baltimore & O.R. Co., 160 F.2d 363, 367 (3d Cir. 1947).

## II. Defendant CSX's Motion for Partial Summary Judgment

### A. Defendant's Arguments

Defendant asserts that Plaintiff must demonstrate the following to impose "strict liability" on CSX under the LIA:

> (1) that he was injured while working on a locomotive that was "in use" at the time of the injury; and
>
> (2) that some specific defect in the locomotive caused the injury.

As to the first prong, Defendant asserts that an injury occurring while a locomotive is being serviced or repaired is not "in use" as contemplated under the LIA. Defendant also alleges that it was the intent of Congress to not impose liability under the LIA "when the railroad is in the process of repairing the defect at issue."

As to the second prong, Defendant cites to a Missouri Supreme Court case which held that a plaintiff "must introduce substantial evidence of a defect" to recover under the LIA. Zachrtiz v. St. Louis-San Francisco Ry. Co., 81 S.W.2d 608, 611 (Mo. 1935). Defendant alleges that the mere use of an asbestos-containing product is not a "defect" under the LIA. CSX asserts that the Supreme Court's decision in Kurns affirmed that the presence of asbestos on a locomotive does not constitute a health

4

problem for employees and cannot be the basis of an LIA violation. 132 S. Ct. at 1265-66.

  B. <u>Plaintiff's Arguments</u>

Plaintiff asserts that the locomotive was "in use" at the time of the injury. Plaintiff points to the following exchange in support of his argument:

> Q: During your entire career out at the Railroad, have you ever had an opportunity to work out on the road doing any locomotive repair?
>
> **A: Yes, sir.**
>
> Q: Could you tell me when that was?
>
> **A: When I was at the engine house.**
>
> Q: What types of things would you have to do out on the road?
>
> **A: Repair broken pipe, gaskets leaking and such as that.**
>
> Q: Would these locomotives be running while you were working on them?
>
> **A: [Not] when I'm working on them, no, sir.**

Plaintiff asserts that the defect in the locomotive "was the use of asbestos-containing products when the Defendant knew of the hazards to its workers."

## III. Analysis

Magistrate Judge Angell found that a "locomotive may be in use even though it is motionless when the accident occurred." This Court agrees with the finding of Judge Angell. Here, Plaintiff clearly testified that he made repairs **"on the road"** which included the repair of broken pipes and leaking gaskets. CSX has failed to show as matter of law that these locomotives are not considered "in use" at the time of the accident. See <u>Raudenbush</u>, 160 F.2d at 367. Defendant objects that Judge Angell did not consider Congressional intent or the activity of the

5

**AND IT IS SO ORDERED.**

/s/ Eduardo C. Robreno
_____
EDUARDO C. ROBRENO, J.

---

Plaintiff when making this determination. However, it is a totality of the circumstances test that is required when making this determination and no single factor is dispositive. Here, this Court agrees with Judge Angell that CSX has not established that the locomotive was not "in use" at the time of the injury when it was on the road when Plaintiff was making repairs and was exposed to the alleged asbestos-containing products. Additionally, the Court is not persuaded that Congress intended to exclude all injuries incurred from the repair of defective conditions from liability under the LIA. Importantly, the Act is to be liberally construed in favor of the injured railroad worker. See <u>Lilly</u>, 317 U.S. at 486. Such a determination would run contrary to the primary purpose of the LIA. <u>Id.</u>

Similarly, the Court is not persuaded that <u>Kurns</u> has any influence on the facts of this case. Defendant objects that Magistrate Judge Angell did not consider its argument that the asbestos-containing products are not "defects" under the LIA. It is clear that injuries from dangerous objects or foreign matter may incur liability under the LIA. See <u>Lilly</u>, 317 U.S. at 486. Although asbestos-containing products may not be considered inherently dangerous, an asbestos-containing locomotive component - just as any other locomotive component - may become dangerous and defective when it is disturbed or broken.

Here, CSX has not established that it is entitled to judgment as a matter of law. <u>Anderson</u>, 477 U.S. at 248-50. For all of these reasons, Defendant's objections to the Report and Recommendation of Magistrate Judge Angell are overruled.

6